UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRATED VOTING SOLUTIONS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELECTION SYSTEMS & SOFTWARE, LLC., a Delaware corporation; and ADVANCED BALLOT SOLUTIONS LLC, a Delaware corporation,<br><br>Defendants. | 14-cv-35 GSA<br><br><br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**<br><br>**(Doc. 19)** |

**INTRODUCTION**

On May 30, 2014, Plaintiff, Integrated Voting Solutions, Inc. ("Plaintiff" or "IVS") filed a Motion to file a First Amended Complaint. (Doc. 19). (Hereinafter, "FAC"). Defendant Election Systems & Software, LLC ("ES&S") filed an opposition on June 13, 2014. (Docs. 20, 21, and 23). IVS filed a reply on June 20, 2014. (Doc. 24). The Court has reviewed the papers and determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230 (g). The hearing set for June 27, 2014, at 9:30 a.m. was VACATED. Upon a review of the pleadings, Plaintiff's motion is GRANTED.

///

**BACKGROUND**

The complaint was filed in this case on January 9, 2014. It alleges that Defendants infringed upon Plaintiff's trademark, IntegraVote, and that Defendants ES&S and Advanced Ballot Solutions, LLC ("ABS") procured their own trademark registration (the '717 Registration) by fraud on the United States Patent and Trademark Office ("USPTO"). The proposed First Amended Complaint adds allegations that Defendants' U.S. Registration No. 4,154,535 ("the '535 Registration") was also obtained by fraud on the USPTO.

Defendant ES&S filed an opposition. It does not oppose the amendment except that it argues that ABS should not be a named defendant because both ES&S and ABS were Delaware limited liability companies ("LLC"S) and merged on October 1, 2013. It has submitted the certificate of merger from the State of Delaware in support of its claims. (Doc. 21, pg. 5-7). ES&S argues that under Delaware law, when LLCs merge, the disappearing company, (in this case ABS), ceases to exist and the surviving company (in this case ES&S) succeeds to the disappearing company's rights and liabilities. *See*, Del. Code Ann. Tit. 6 § 18-209(g). Thus, when ES&S and ABS merged, ABS ceased to exist and ES&S succeeded to ABS' rights and liabilities, which would include IVS' purported claims. As such, Plaintiff's attempt to name ABS as a defendant in the new complaint would be futile.

In reply, IVS argues that previously, ES&S did not move to dismiss ABS. To the contrary, in its answer, ES&S asserted that any alleged misconduct in the complaint is attributable to ABS and not ES&S. (Doc. 6, ¶ 46). Additionally, Plaintiff contends that under Delaware law, debts and liabilities of the disappearing company succeeds to the surviving company, however, these rights survive only for creditors, debtor holders, lienholders, or other parties who have contracted with the disappearing company. Here, IVS is a third party competitor of ABS, and is not a creditor or debt holder of ABS, nor has Plaintiff otherwise contracted with ABS regarding

the '535 or '717 registrations.  Finally, Plaintiff has submitted a business entity search from the California Secretary of State indicating that ABS is an active corporation. (Doc. 24-2). Accordingly, Plaintiff requests that the Court allow the amendment.

## DISCUSSION

Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed. Fed.R.Civ.P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  However, a party can only amend the pleading with the opposing party's written consent or the court's leave once a responsive pleading has been filed. Fed.R.Civ.P. 15(a)(2).  Here, Defendants filed a responsive pleading to Plaintiffs' complaint and have not stipulated to the amendment, so leave of the court is required.

Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when justice so requires."  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon*, Inc., 316 F. 3d 1048, 1052 (9th 2003) (citations omitted). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

The Court has examined all of the factors listed above.  Plaintiff's amendments appear reasonable and there is no evidence that the amendment will cause undue delay or that it will cause prejudice to Defendants.  Similarly, there is nothing to suggest that the amendment is made in bad faith.  Moreover, ES&S has not objected to the amended complaint except with regard to

whether ABS should be a named Defendant. Here, although the Court acknowledges Del. Code Ann. Tit. 6 § 18-209(g), the record is still ambiguous with regard to the relationship between ES&S and ABS. On the one hand, ES&S argues that the companies have merged and ES&S assumed ABS' liabilities. However, the answer filed in response to the initial complaint directly contradicts this assertion. (Doc. 6, ¶ 46). Moreover, Plaintiff has submitted evidence that ABS is still an active corporation. Given these inconsistencies, and the fact that Rule 15 provides that leave should be freely given, the Court cannot conclude at this stage of the proceedings that it would be futile to permit the filing of the FAC. Notwithstanding the above, this appears to be an issue that the parties should be able to resolve without further Court involvement and are encouraged to do so.

**CONCLUSION**

Accordingly, for the above reasons, IT IS HEREBY ORDERED :

1) Plaintiff's Motion Amend the Complaint is GRANTED;

2) Plaintiff shall file the FAC no later than **July 31, 2014**; and

3) Defendants' Answers are due 21 days after the FAC is filed.

IT IS SO ORDERED.

Dated:  **July 17, 2014**                              /s/ Gary S. Austin
                                                       UNITED STATES MAGISTRATE JUDGE

4